UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CASE NO._____

SANDRA K. WATSON
and
MARION TRACY WATSON                                          PLAINTIFFS

VS.                          **COMPLAINT**

MICHAEL GLOVER, M.D.

      Serve: Julie M. McDonnell, Esq.
            Stites & Harbison, PLLC
            Suite 1800
            400 West Market Street
            Louisville, KY 40202
and

WOMEN'S CARE OF THE
COMMONWEALTH

      Serve: Julie M. McDonnell, Esq.
            Stites & Harbison, PLLC
            Suite 1800
            400 West Market Street
            Louisville, KY 40202
and

EPHRAIM MCDOWELL REGIONAL                              DEFENDANTS
MEDICAL CENTER, INC.

      Serve: Margaret Young
            217 S. Third Street
            Danville, Kentucky 40422

COME the Plaintiffs, Sandra K. Watson, and Marion Tracy Watson, by counsel, and

for their cause of action herein state as follows:

JURISDICTION

1.      The Plaintiffs, Sandra Watson and Marion Tracy Watson, reside in Madill, Marshall County, Oklahoma, and are citizens and residents thereof.

2.      The Defendant, Michael Glover, M.D., is and was at all times stated herein a physician licensed in the Commonwealth of Kentucky and engaged in the practice of Obstetrics & Gynecology, and was at all times stated herein a citizen and resident of Danville, Boyle County, Kentucky.

3.      The Defendant, Michael Glover, M.D., was at all times stated herein an agent, servant, and employee and partner of the Defendant, Women's Care for the Commonwealth, located in Danville, Boyle County, Kentucky.

4.      The Defendant, Women's Care for the Commonwealth, is an assumed name corporation of Drs. Ahnquist, Alexander, Frazier & Turcea, P.S.C., organized and existing under the laws of the Commonwealth of Kentucky, whose principal place of business is 333 S. Third Street, Danville, Boyle County Kentucky, 40422, with a registered agent of Ivan J. Schell, 500 West Jefferson Street, Suite 2400, Louisville, Kentucky, 40202.

5.      The Defendant, Ephraim McDowell Regional Medical Center, Inc., is a non-profit corporation organized under the laws of Kentucky that accepts patients for the purpose of rendering medical care and treatment by and through its agents, servants, and employees, with its principal place of business at 217 S. Third Street, Danville, Boyle County, Kentucky, 40422, with a registered agent of Margaret Young, 217 S. Third Street, Danville, Boyle County Kentucky, 40422.

6.      That amount in controversy exceeds $75,000 (Seventy-Five Thousand Dollars).

## COUNT I - NEGLIGENCE

7.      The Plaintiffs reallege and reaffirm each, and every allegation contained in Paragraphs 1-6 as stated above.

8.      At all times relevant, Defendants, Michael Glover, M.D., Women's Care for the Commonwealth, and Ephraim McDowell Regional Medical Center, Inc. held themselves out as competent providers of health care, including, surgical and/or Obstetrical & Gynecological services. Defendants did in fact render health care services to Plaintiff, Sandra K. Watson, at the Ephraim McDowell Regional Medical Center in Danville, Kentucky.

9.      At all relevant times, Defendants, Women's Care for the Commonwealth, and Ephraim McDowell Regional Medical Center, Inc, acted directly and through their actual, implied, and/or apparent agents, servants, and employees, including but not limited to Lynne O'Byran Simms, M. D., all of whom acted within the scope of his or her employment.

10.     At all times relevant, Defendant, Michael Glover M.D., acted individually and through his agents, servants and employees, including but not limited to Lynne O'Byran Simms, M. D., and/or as the actual, implied, and/or apparent agent, servant or employee of Women's Care for the Commonwealth within the scope of his employment.

11.     At all times relevant, all of the Defendants were acting as authorized, actual, implied and/or apparent agents, servants, and/or employees of each other.

12.     On or about June 3, 1998, Sandra Watson presented to Ephraim McDowell Regional Medical Center for medical treatment, diagnosis, and services related to a bilateral salpingo-oophorectomy that was to be performed by Dr. Glover.

13.      In rendering those medical treatments, diagnoses, and services to Plaintiff,

Sandra Watson, Defendants, Michael Glover, M.D., Women's Care for the Commonwealth, and Ephraim McDowell Regional Medical Center, Inc., individually and through their agents, servants, and employees, failed to exercise the degree of care and skill as would be expected of an ordinarily prudent or reasonably competent healthcare provider under like or similar circumstances.

14.     In rendering those medical examinations, treatments, diagnoses, and services to the Plaintiff, Sandra Watson, Defendant Michael Glover, M.D., individually and through his agents, servants, and employees, failed to exercise the degree of care and skill as would be expected of an ordinarily prudent or reasonably competent physician under like or similar circumstances.

15.     On or about June 3, 1998, as a direct and proximate result of the omissions/ commissions by the Defendants, each of the Defendants, and all of the Defendants, individually and by and through their agents, servants and employees, Sandra Watson suffered  physical injury, including but not limited to unnecessary medications, a second surgery to properly perform the surgery, and delay in diagnosis.

16.     With the exercise of reasonable care, Plaintiff did not discover that her ovaries were not in fact removed as agreed and represented until less than one year prior to the filing of this Complaint.

17.     As a direct and proximate result of the negligence of the Defendants and the injuries to Sandra Watson, Sandra Watson has suffered and will in the future suffer great pain of body and anguish of mind, had to undergo additional surgery, and was required to take unnecessary medication, including but not limited to hormone therapy, all to her damage.

18.     As a direct and proximate result of the negligence of the Defendants and the injuries to Sandra Watson, Sandra Watson has incurred medical expenses.

19.     As a direct and proximate result of the negligence of the Defendants and the injuries to Sandra Watson, Sandra Watson will in the future incur medical expenses.

COUNT II - BREACH OF CONTRACT

20.     The Plaintiffs reallege and reaffirm each, and every allegation contained in Paragraphs 1- 19 as stated above.

21.     The Defendant, Michael Glover, M.D., held himself out as a competent provider of health care, including, surgical and/or Obstetrical & Gynecological services and contracted with Plaintiff to provide medical services, including but not limited to the removal of Plaintiff's ovaries.

22.     The Defendant, Women's Care for the Commonwealth, held themselves out as competent providers of health care, including, surgical and/or Obstetrical & Gynecological services and contracted with Plaintiff to provide medical services, including but not limited to the removal of Plaintiff's ovaries.

23.     The Defendant, Ephraim McDowell Regional Medical Center, Inc., held themselves out as competent providers of health care, including, surgical and/or Obstetrical & Gynecological services and contracted with Plaintiff to provide medical services, including but not limited to the removal of Plaintiff's ovaries.

24.     The Defendants, individually and through their agents, servants, and employees had a duty to ensure that the Plaintiff  would receive the actual services that were scheduled to be performed and that her ovaries would be removed.

5

25.     That Defendants breached the contract to provide medical services to Plaintiff by not ensuring that the proper surgery was performed and not ensuring that the Plaintiff's ovaries were in fact removed.

26.     That as a direct result of the breach of contract by Defendants, Michael Glover, M.D., Women's Care for the Commonwealth, and Ephraim McDowell Regional Medical Center, Inc., Plaintiff has suffered and will in the future suffer great pain of body and anguish of mind, and has suffered physical injury, including but not limited to unnecessary medications, a second surgery to properly perform the surgery and delay in diagnosis to her damage which is an amount which is fair and reasonable and in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court.

COUNT III - NEGLIGENT REPRESENTATION

27.     The Plaintiffs reallege and reaffirm each, and every allegation contained in Paragraphs 1- 26 as stated above.

28.     That Plaintiff specifically requested that her ovaries be removed by Dr. Glover in 1998.

29.     That the Defendants negligently represented to the Plaintiff that her ovaries were in fact removed in 1998.

30.     That Plaintiff's ovaries were not removed in 1998.

31.      That subsequent treating physicians relied on the negligent representations that Plaintiff's ovaries had been removed.

32.     That Plaintiff's ovaries were finally removed in 2009.

33.     That as a result of the negligent representations by the Defendants, Plaintiff, Sandra Watson has suffered and will in the future suffer great pain of body and anguish of

6

mind, and has suffered physical injury, including but not limited to unnecessary medications, a second surgery to properly perform the surgery and delay in diagnosis.

## COUNT IV - LOSS OF CONSORTIUM

34.      The Plaintiffs reallege and reaffirm each, and every allegation contained in Paragraphs 1 -33 as stated above.

35.      That the Plaintiff Marion Tracy Watson and the Plaintiff Sandra K. Watson are husband and wife.

36.      That, by reason of the negligence and breach of contract of the Defendants above as set forth herein, the Plaintiff, Marion Watson, has been deprived of the services, assistance, aid, society, companionship, love and affection of his wife, Sandra Watson.

37.      That the Plaintiff, Marion Watson, should be compensated by the Defendants in an amount in excess jurisdictional limits of this Court for the deprivation of the services, assistance, aid, society, companionship, love and affection of his wife.

## COUNT IV - UNKNOWN DEFENDANTS

38.      The Plaintiffs reallege and reaffirm each, and every allegation contained in Paragraphs 1 -37 as stated above.

39.      The Plaintiff herein reserves the right to add additional Defendants should discovery and further investigation so warrant.

**WHEREFORE**, Plaintiffs, Sandra K. Watson and Marion Tracy Watson, demand:

1.      Trial by jury on all issues so triable;

2.      Judgment against the Defendant, Michael Glover, M.D., in an amount which is fair and reasonable and in excess of the minimum jurisdictional amount of this Court;

7

3.      Judgment against the Defendant, Women's Care for the Commonwealth, in an amount which is fair and reasonable and in excess of the minimum jurisdictional amount of this Court;

4.      Judgment against the Defendant, Ephraim McDowell Regional Medical Center, Inc., in an amount which is fair and reasonable and in excess of the minimum jurisdictional amount of this Court;

5.      Pre-judgment interest;

6.      Post-judgment interest;

7.      Costs herein expended; and

8.      Any and all other relief to which the Plaintiff may appear entitled.


BOEHL, STOPHER & GRAVES
444 West Second Street
Lexington, KY 40507
Telephone: (859) 252-6721
Facsimile:   (859) 253-1445
Email: rgreen@bsglex.com
           atomlin@bsglex.com


BY: /s/ RONALD L. GREEN
        RONALD L. GREEN
        AMANDA L. TOMLIN
        ATTORNEYS FOR THE PLAINTIFFS,
        SANDRA K. WATSON and
        MARION TRACY WATSON

8